JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
       E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
       E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
       E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
PRODUCT PARTNERS, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRODUCT PARTNERS, LLC, a California Limited Liability Company,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WAYNE BATCHELOR, an Individual, and Does 1-10, Inclusive,<br><br>                    Defendants. | Case No.: CV10-04891 JFW (AJWx)<br><br>**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARCUS F. CHANEY IN SUPPORT THEREOF**<br><br>Date:        November 15, 2010<br>Time:        1:30 p.m.<br>Courtroom:   16 |

**TO THE DEFENDANT AND TO THE COURT:**

PLEASE TAKE NOTICE THAT on November 15, 2010, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 16 of the above-entitled

- 1 -
**MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

1  Court, located at 312 N. Spring Street, Los Angeles, California 90012, Plaintiff
2  PRODUCT PARTNERS, LLC will present its motion for entry of default
3  judgment against Defendant WAYNE BATCHELOR for damages and injunctive
4  relief. This application is made pursuant to *Federal Rule of Civil Procedure*
5  (*F.R.C.P.*) 55(b) which provides for a court ordered default judgment following
6  entry of default by the court clerk under *F.R.C.P.* 55(a), and pursuant to 15 *United*
7  *States Code* (*U.S.C.*) §§ 1114, 1125(a) and (c), and 17 *U.S.C.* §501(a).

8      This application is based upon this Notice of Motion for Entry of Default
9  Judgment by Court, the attached Memorandum of Points and Authorities, and the
10  Declaration of Marcus F. Chaney filed concurrently herewith, the papers and
11  records on file herein, and upon such oral and documentary evidence as may be
12  presented at the hearing of this matter.

14  DATED: October 1, 2010                    JOHNSON & PHAM, LLP

17                                            By: _____
18                                            Christopher D. Johnson, Esq.
                                              Christopher Q. Pham, Esq.
19                                            Marcus F. Chaney, Esq.
                                              Attorneys for Plaintiff
20                                            PRODUCT PARTNERS, LLC

# TABLE OF CONTENTS

Page

I.   FACTUAL BACKGROUND……..………..……….…….3

II.  LEGAL STANDARD………….………….….……….....4

III. ANALYSIS OF EITEL FACTORS……………....……....5

    A.   Prejudice to Plaintiff………………....……....…….5

    B.   Plaintiff's Substantive Claims are Meritorious……...5

    C.   Sufficiency of Plaintiff's Complaint…………...............5

        1.   Trademark Infringement Claim……………….6

            (a)   Plaintiff's ownership of trademarks at issue……………………….…......…….….…..6

            (b)   Defendant's use of Plaintiff's trademarks in commerce…………………….….…….…..7

            (c)   Likelihood of confusion……….....……..7

                (i)   Strength of the allegedly infringed mark……………..……………….…..7

                (ii)   Proximity or relatedness of goods……………………….…..…9

                (iii)   Similarity of sight, sound, and meaning of marks…………....…..10

                (iv)   Degree to which marketing channels converge……………………....…10

                (v)   Type of goods and degree of care consumers are likely to exercise in purchasing goods……………....…...11

i

(vi)   Intent of the Defendant in selecting
the allegedly infringing mark……..11

(vii)  Evidence of actual confusion and
likelihood that the parties will expand
their product line……………..……11

(viii) Conclusion…………………..…..…12

2.   **Copyright Infringement Claim**………………12

(a)   **Plaintiff's ownership of valid
copyrights**……………………………......12

(b)   **Defendant's copying of original
elements of Plaintiff's works**……..…..…12

3.   **Trademark Dilution Claim**…………………....12

(a)   **Plaintiff's ownership of famous marks**..13

(b)   **Defendant's commercial use of Plaintiff's
famous marks**…………………...……....14

(c)   **Defendant's use began after Plaintiff's
marks were famous**……..………..…...14

(d)   **Defendant's use dilutes the quality of
Plaintiff's marks**…………..…………......14

D.   **Sum of Money at State**…………………………15

1.   **Statutory Damages for Trademark
Infringement and Trademark Dilution**………15

2.   **Statutory Damages for Copyright
Infringement**………………………………..…16

E.   **No Possiblity of Dispute Concerning Material Facts**................................................................16

F.   **Default Not Due to Excusable Neglect**.................17

G.   **Policy Favoring Decisions on the Merits Does Not Outweigh Plaintiff's Right to Relief**.................17

IV.   **COSTS INCURRED**.....……………………….....…........17

V.   **ATTORNEYS' FEES**………………………………..…...17

VI.   **INJUNCTIVE RELIEF SOUGHT**….………………...18

VII.   **CONCLUSION**…………………………………...…………19

   **DECLARATION OF MARCUS F. CHANEY**………..…..20

# TABLE OF AUTHORITIES

**CASES:**

AMF Inc. v. Sleekcraft Boats,
599 F.2d, 349 (9th Cir,1979) ........................................................................... 7, 10, 11

Brookfield Communications, Inc. v. West Coast Entertainment Corp.,
174 F.3d 1047(9th Cir. 1999) ................................................................................ 6, 8

Eitel v. McCool,
782 F.2d 1472 (9th Cir.1986) ..................................................................................... 4

E & J Gallo Winery v. Gallo Cattle,
967 F.2d, 1290 (9th Cir. 1992) ............................................................................. 7, 8, 9

Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.,
499 U.S. 361 (1991) ................................................................................................ 12

Joujou Designs, Inc. v. Jojo Ligne Internationale,
821 F.Supp. 1354 (N.D.Cal.1992) ............................................................................. 8

M2 Software, Inc. v. Madacy Entertainment Corp.,
421 F.3d, 1080 (9th Cir.2005) .................................................................................... 6

Mead Data Central, Inc. v. Toyota Motor Sales, U.S.A., Inc.,
875 F.2d, 1026 (2nd Cir.1989) ................................................................................. 13

Panavision Int'l v. Torppen,
141 F.3d, 1324 (9th Cir.1998) .................................................................................. 12

Philip Morris v. Shalabi,
352 F.Supp.2d. 1072 (C.D.Cal.2004) ......................................................................... 6

TeleVideo Systems, Inc. v. Heidenthal,
826 F.2d 918 (9th Cir. 1987) ..................................................................................... 4

Thane International, Inc. v. Trek Bicycle,
305 F.3d, 912 (9th Cir. 2008) ..................................................................... 8

Toys "R" Us v. Akkaoui,
40 U.S.P.Q.2d (BNA) 1836 (N.D. Cal.1996) .................................... 13, 15

## STATUTES:

Fed. R. Civ. P. 55(a) .............................................................................. 2, 4

15 U.S.C. § 1114 ......................................................................................... 2

15 U.S.C. § 1114(1) ................................................................................... 6

15 U.S.C. § 1114(1)(a) ............................................................................ 18

15 U.S.C. § 1117 (a) ................................................................................ 17

15 U.S.C. § 1117 (b) ................................................................................ 17

15 U.S.C. § 1117 (c)(1) ........................................................................... 15

15 U.S.C. § 1117 (c)(2) ........................................................................... 16

15 U.S.C. § 1117 (e) ................................................................................ 18

15 U.S.C. § 1125 (a) ......................................................................... 2, 5, 17

15 U.S.C. § 1125 (c) .................................................................... 2, 5, 15, 17

17 U.S.C. § 501 (a) .............................................................................. 2, 5

17 U.S.C. § 504 (c)(1) ............................................................................. 16

17 U.S.C. § 504 (c)(2) ............................................................................. 16

*Lanham Act § 32(a)* ................................................................................. 5

*Lanham Act § 43(a)* ................................................................................. 5

*Lanham Act § 43(c)* ...........................................................................................15

*California Business & Professions Code § 17200* ...................................................6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    FACTUAL BACKGROUND

Plaintiff PRODUCT PARTNERS, LLC ("Plaintiff") is a health, wellness and fitness company involved in the development, production, sale, and distribution of in-home fitness, weight loss, and health products.  One of the main components of Plaintiff's business encompasses the production, sale, and distribution of its BEACHBODY® family of fitness DVDs and kits, including its famous P90X® Extreme Home Fitness kit and DVDs.  *See* Complaint ("Compl.") at ¶10.  Plaintiff owns the BEACHBODY® and P90X® marks used in connection with its famous P90X® Extreme Home Fitness kit.  Plaintiff owns numerous trademarks and copyrights for its P90X® fitness products.  *See* Compl. at ¶¶15 – 17, and  Exhibits ("Ex.") "A" – "L," thereto.  Defendant WAYNE BATCHELOR ("Defendant") is an individual.

Plaintiff investigates and enforces against the manufacturing, copying, exporting, importing, advertising, promoting, selling, and distributing of counterfeit, or otherwise unauthorized, versions of its P90X® fitness products.  *See* Compl. at ¶¶20 – 21.  On December 15, 2009, Plaintiff purchased a counterfeit "P90X Home Fitness Program 12 DVDs and a bonus DVD" from Defendant from the Internet auction website known as eBay.com ("eBay"), under seller ID "forensic_cop," for a cost of $47.99 charged to the PayPal electronic payment account of Plaintiff's investigator.  *See* Compl. at ¶21, and Ex. "M," thereto; *see also* Declaration of Marcus F. Chaney ("Chaney Decl.") at ¶3, and Ex. "A" - "B," thereto.   The product purchased from Defendant was inspected to determine authenticity.   The inspection of the purchased item confirmed that the item Defendant sold to the investigator were in fact counterfeit and unauthorized P90X fitness DVDs. *See* Compl. at ¶22; *see also* Chaney Decl. at ¶4, and Ex. "C" - "D," thereto.

/ / /

1        On December 28, 2009, Plaintiff sent an e-mail to Defendant with a cease
2    and desist attached. *See* Chaney Decl. at ¶6, and Ex. "E," thereto. Defendant's e-
3    mail address – waynesworld627@aol.com – is identified on the PayPal purchase
4    receipt evidencing his sale of counterfeit versions of Plaintiff's P90X® fitness
5    DVDs. *See* Chaney Decl. at ¶3, and Ex. "B," thereto; *see also* Compl., and Ex.
6    "M," thereto. Subsequently, on February 11, 2010, Plaintiff sent a second cease
7    and desist letter to Defendant via certified U.S. Mail. *See* Chaney Decl. at ¶7, and
8    Ex. "F," thereto. Subsequently, Defendant provided Plaintiff with PayPal records
9    evidencing his sale of 129 counterfeit P90X fitness DVD sets (or, 1,677 individual
10   counterfeit P90X fitness DVDs) between the period November 12, 2009 through
11   January 6, 2010. *See* Chaney Decl. at ¶8, and Ex. "G," thereto.

12       Plaintiff filed its Complaint against Defendant on July 1, 2010, and
13   Defendant was served with a copy of the Summons and Complaint on July 29,
14   2010. Pursuant to Rule 55 of the *Federal Rules of Civil Procedure ("F.R.C.P.")*, a
15   party seeking default judgment must first have the clerk enter the default. *F.R.C.P.*
16   55(a). The clerk entered the default of said Defendant on August 24, 2010.

17   ## II.    LEGAL STANDARD

18       The Ninth Circuit has enumerated several factors the Court should consider
19   in deciding whether to grant default judgment: the possibility of prejudice to the
20   plaintiff, the merits of plaintiff's substantive claim, the sufficiency of the complaint,
21   the sum of money at stake in the action, the possibility of a dispute concerning
22   material facts, whether the default was due to excusable neglect, and the strong
23   policy underlying the Federal Rules of Civil Procedure favoring decisions on the
24   merits. *See* Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir.1986). In
25   considering the above factors, the Court takes all factual allegations in the
26   Complaint as true, except for those relating to damages. *See* TeleVideo Systems,
27   Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir.1987).

28   / / /

1

### III.   ANALYSIS OF <u>EITEL</u> FACTORS

2       Application of the facts in this matter to the <u>Eitel</u> factors warrant entry of a
3   default judgment in favor of Plaintiff.

4       **A.   Prejudice to Plaintiff**

5       In light of the fact that the only Defendant in this case has not defended
6   himself in this action or otherwise responded to Plaintiff's Complaint, absent a
7   default judgment, Plaintiff will not be compensated for its losses and will
8   accordingly be prejudiced. Moreover, if this Court fails to enter a default judgment
9   against Defendant, in light of his failure to defend this action, it will set a
10   devastating precedent allowing infringers to avoid liability by effectively not
11   responding to Plaintiff's claims further prejudicing Plaintiff's ability to enforce its
12   intellectual property rights. Furthermore, in the absence of injunctive relief,
13   Plaintiff will continue to suffer harm from the violations committed by Defendant
14   of its trademark and copyright rights.

15       Accordingly, this first <u>Eitel</u> factor, the possibility of prejudice to the plaintiff,
16   weighs in favor of granting default judgment.

17       **B.   Plaintiff's Substantive Claims are Meritorious**

18       (Analyzed below under, and concurrent with, subsection **C.**)

19       **C.   Sufficiency of Plaintiff's Complaint**

20       The second and third <u>Eitel</u> factors, concerning the merits of Plaintiff's
21   substantive claims and the sufficiency of its Complaint, also weigh in favor of
22   granting a default judgment in favor of Plaintiff against Defendant.

23       Plaintiff has alleged seven (7) causes of action in its Complaint against
24   Defendant, to wit: (1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C.
25   §1114/*Lanham Act* § 32(a)]; (2) FEDERAL COPYRIGHT INFRINGEMENT [17
26   *U.S.C.* §501(a)]; (3) FALSE DESIGNATION OF ORIGIN/UNFAIR
27   COMPETITION [15 *U.S.C.* §1125(a)/*Lanham Act* § 43(a)]; (4) TRADEMARK
28   DILUTION [15 *U.S.C.* §1125(c)]; (5) UNFAIR BUSINESS PRACTICES

1  [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; (6) UNFAIR
2  COMPETITION (California Common Law); and (7) UNJUST ENRICHMENT.

3         **1.   Trademark Infringement Claim**

4      The essential elements of the infringement of trademark registration and
5  false designation of origin claims are identical. *See* Brookfield Communications,
6  Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1047 (9th Cir.1999).
7  Moreover, the 9th Circuit has consistently held that actions pursuant to
8  *CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200 are "substantially
9  congruent" to claims made under the Lanham Act. *See* Philip Morris v. Shalabi,
10  352 F.Supp.2d 1067, 1072 (C.D.Cal.2004). Therefore, analyzing the merits of the
11  infringement claims is sufficient because the standard of infringement, i.e., the
12  likelihood of confusion, is essentially implicated in the remaining federal and state
13  causes of action. *See* M2 Software, Inc. v. Madacy Entertainment Corp., 421 F.3d
14  1073, 080 (9th Cir.2005).

15      To prove a claim of trademark infringement under Section 32(1) of the
16  *Lanham Act*, a plaintiff must show that: it owns the trademark at issue, the
17  defendant has used in commerce, without authorization, a copy, reproduction,
18  counterfeit or colorable imitation of the plaintiff's mark in connection with the sale,
19  distribution, or advertising of goods and services, and the defendant's use of the
20  mark is likely to cause confusion or to cause mistake or to deceive. *See* 15 *U.S.C.*
21  § 1114(1). In its Complaint, Plaintiff alleges all facts necessary to prove trademark
22  infringement, along with false designation of origin and unfair business practices,
23  by Defendant.

24         **(a)   Plaintiff's ownership of trademarks at issue**

25      First, Plaintiff adequately alleges its ownership of eight (8) trademarks at
26  issue. *See* Compl. at ¶¶15 - 16, and Ex. "A" - "H," thereto. A federal registration
27  of a mark constitutes prima facie evidence of its validity and of plaintiff's
28  exclusive rights to the mark. *See* Brookfield Communications, 174 F.3d at 1047.

### (b) Defendant's use of Plaintiff's trademarks in commerce

Second, the "use in commerce" requirement is satisfied as to Defendant. Plaintiff alleges that Defendant sold counterfeit P90X® fitness DVDs, specifically, thirteen (13) counterfeit P90X® fitness DVDs, for a cost of $47.99 on eBay, and that Defendant used images confusingly similar or identitical to Plaintiff's P90X® trademarks without consent or authorization to sell the counterfeit P90X fitness DVDs. *See* Compl. at ¶¶21 - 23, and Ex. "M," thereto; *see also* Chaney Decl. at ¶3, and Ex. "A" - "B," thereto.

### (c) Likelihood of confusion

The third element of trademark infringement is the likelihood of confusion, or whether the similarity of the marks is likely to confuse customers about the source of the products. *See* E & J Gallo Winery v. Gallo Cattle, 967 F.2d 1280, 1290 (9th Cir.1992). Likelihood of confusion is analyzed using an eight-factor test established by the Ninth Circuit, i.e.: (i) strength of the allegedly infringed mark; (ii) proximity or relatedness of goods; (iii) similarity of sight, sound, and meaning of marks; (iv) degree to which marketing channels converge; (v) type of goods and degree of care consumers are likely to exercise in purchasing goods; (vi) intent of the Defendant in selecting the allegedly infringing mark; (vii) evidence of actual confusion and likelihood that the parties will expand their product lines; and (viii) conclusion. *See* AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-349 (9th Cir.1979). Applying this test to Plaintiff's P90X® mark and Defendant's infringement thereof by selling counterfeit P90X fitness DVDs should lead this Court to conclude that Plaintiff has successfully pled a likelihood of confusion.

### (i) Strength of the allegedly infringed mark

The strength of Plaintiff's P90X® mark is adequately alleged in Plaintiff's pleadings and weighs in favor of a likelihood of confusion.

///

1         The strength of a mark is based on the distinctiveness of the mark and

2    whether it has acquired secondary meaning, i.e., whether it has come to be

3    associated with a good or service. *See* Gallo Cattle, 967 F.2d at 1291.  Plaintiff's

4    P90X® mark is suggestive, as applied to its P90X® Extreme Home Fitness kit,

5    which includes, amongst other works: a "Fitness Guide" that includes text, charts,

6    and images; a "Nutrition Guide" that includes text, charts, and images;

7    photographs, images, text, and other content on the packaging; and thirteen (13)

8    different DVDs that include sound and video recordings, aimed to transform one's

9    body from regular to ripped in 90 days.  Suggestive marks are those which convey

10   an impression of a good but require the exercise of imagination and perception to

11   reach a conclusion as to the product's nature.  *See* Brookfield Communications,

12   174 F.3d at 1058 (providing as an example of a suggestive mark, "Roach Motel"

13   for insect traps); *see also* Thane International, Inc. v. Trek Bicycle, 305 F.3d 894,

14   912 (holding that a bicycle manufacturer's "TREK" trademark was suggestive,

15   because 'trek' means a long journey, and one can undertake a long journey on a

16   bicycle).  Here, Plaintiff's P90X® marks and the message behind use of the DVDs

17   in the P90X® Extreme Home Fitness kit evoke a sense of rapid and extreme

18   physical results in 90 days.

19        The length of time that Plaintiff has used its mark in the marketplace further

20   establishes the strength of the mark.  Plaintiff alleges in its Complaint that it has

21   been using the P90X® trademark since 2003, and the BEACHBODY® trademark

22   since 1999. *See* Compl. at ¶9.  Thus, the status of this mark as a suggestive mark,

23   coupled with the duration of its use in the marketplace, establishes that it is a

24   strong mark, which makes consumer confusion more likely.  *See* Joujou Designs,

25   Inc. v. Jojo Ligne Internationale, 821 F.Supp. 1347, 1353-1354 (N.D.Cal.1992).

26        Moreover, Plaintiff has built up and developed significant goodwill in the

27   P90X® marks.  The success of Plaintiff's BEACHBODY and P90X products and

28   services is due in part to Plaintiff's marketing and promotional efforts.  These

1  efforts include advertising and promotion through Plaintiff's websites, print and
2  other internet-based advertising, in-person and televised promotional appearances
3  by its trainers, and its infomercials, among other efforts.  Plaintiff has spent
4  substantial time, money and effort in building up and developing consumer
5  recognition, awareness and goodwill in its BEACHBODY and P90X products,
6  services and marks.  *See* Compl. at ¶10.

7       The success of the P90X DVDs, kits and other products and services is not
8  due to Plaintiff's promotional efforts alone.  Rather, the popularity of P90X is also
9  due to its consumers, and the word of mouth buzz consumers have generated.
10 Success stories of countless individuals who have utilized P90X to help achieve
11 their respective fitness goals are far too numerous to recount, but include stories
12 from all age groups, to well-trained professional athletes and celebrities looking to
13 stay fit and in shape.  *See* Compl. at ¶11.  As a result of Plaintiff's efforts, the
14 quality of Plaintiff's products, and the promotion and word of mouth buzz, the
15 BEACHBODY® and P90X® marks and the BEACHBODY® and P90X® DVDs,
16 products, and services have been prominently placed in the minds of the public.
17 Indeed, the BEACHBODY and P90X marks are famous in the United States.  *See*
18 Compl. at ¶12.

19                    (ii)    Proximity or relatedness of goods

20      The second factor, the proximity or relatedness of Plaintiff's authentic
21 P90X® Extreme Home Fitness kit and the P90X DVDs therein, and Defendant's
22 counterfeit versions thereof, also points toward a likelihood of confusion.  The
23 more related or complementary goods are, the higher the danger of consumer
24 confusion.  *See* Gallo Cattle, 967 F.2d at 1291.  Here, the infringed mark and
25 infringing mark appear on identical goods – fitness DVDs.  More specifically,
26 both products bear the marks BEACHBODY® and P90X®.  *See* Chaney Decl. at
27 ¶4, and Ex. "C" - "D," respectively (photographs of Plaintiff's authentic P90X®
28 Extreme Home Fitness kit and P90X® fitness DVDs, and Defendant's infringing

1   P90X fitness DVDs).

2                    (iii)    Similarity of sight, sound, and meaning of marks

3          The third factor, similarity of sight, sound, and meaning of the marks also
4   supports a finding of likelihood of confusion. Where, as here, the products bearing
5   the disputed marks are identical, even less similarity is required to demonstrate a
6   likelihood of confusion. *See* Sleekcraft, 599 F.2d at 350. Given this low standard,
7   Plaintiff has easily and adequately demonstrated that the marks are similar. Marks
8   should be compared based on their sight, sound, and meaning as they appear in the
9   marketplace, and similarities between marks should be weighed more heavily than
10  differences. *See* Sleekcraft, 599 F.2d at 350. Plaintiff has submitted photographs
11  of its authentic product along with photographs of the counterfeit product
12  purchased from Defendant with the P90X® mark clearly displayed. *See* Chaney
13  Decl. ¶4 and Ex. "C" - "D," respectively (photographs of Plaintiff's authentic
14  P90X® Extreme Home Fitness kit product and P90X® fitness DVDs, and
15  Defendant's infringing P90X fitness DVDs). Under the lower standard for marks
16  used for identitical products, Defendant's use of Plaintiff's P90X® mark is
17  sufficiently similar in sight, sound, and meaning.

18                    (iv)    Degree to which marketing channels converge

19         In considering the marketing channels used by Plaintiff and Defendant, the
20  channels largely overlap, which makes consumer confusion more likely. Plaintiff
21  markets its P90X® Extreme Home Fitness kit on television infomercials and on its
22  Internet website: www.beachbody.com. *See* Compl. at ¶¶10 – 12. Defendant sold
23  his counterfeit P90X fitness DVDs on eBay, under seller ID "forensic_cop," thus
24  reaching the same type of potential consumer as Plaintiff. *See* Chaney Decl. at ¶3-
25  4, and Ex. "A" - "B," thereto.

26  / / /

27  / / /

28  / / /

1

2

          (v)     Type of goods and degree of care consumers are

                likely to exercise in purchasing goods

3       The goods in question in the instant case are fitness DVDs, specifically

4  thirteen (13) different fitness DVDs that Plaintiff offers for sale as part of its

5  P90X® Extreme Home Fitness kit.  Plaintiff's P90X® Extreme Home Fitness kit

6  is relatively inexpensive.  *See* Chaney Decl. at ¶5.  Thus, the presumption that

7  buyers of expensive products exercise greater care is not applicable here.

8

9

          (vi)    Intent of the Defendant in selecting the allegedly

               infringing mark

10      Though bad intent is not necessary to demonstrate a likelihood of confusion,

11  where the plaintiff establishes that defendant knowingly used an infringing mark,

12  there is a presumption that the infringer will accomplish his purpose, and the

13  public will be deceived.  *See* Sleekcraft, 599 F.2d at 354.  Plaintiff has submitted

14  evidence to demonstrate that Defendant was aware or should have been aware that

15  he was selling counterfeit BEACHBODY merchandise. *See* Chaney Decl., at ¶¶6 –

16  8, and Ex. "E" – "G," thereto.  Moreover, Defendant's failure to respond to

17  Plaintiff's Complaint, which includes allegations of bad faith, intent, and willful

18  conduct, *see* Compl. at ¶¶23 - 25, is indicative of Defendant's knowledge regarding

19  the source of his infringing product and the counterfeit nature of the products he

20  sold.

21

22

          (vii)   Evidence of actual confusion and likelihood that

               the parties will expand their product lines

23      Consumers are being confused everyday by Internet auction site sellers such

24  as Defendant.  Counterfeit version of Plaintiff's P90X® Extreme Home Fitness kit,

25  and the fitness DVDs therein, like those sold by Defendant, have flooded the

26  market leading consumers to believe that the counterfeit versions being sold are, in

27  fact, authentic when they clearly are not. *See* Chaney Decl. at ¶4, and Ex. "C" –

28  "D," thereto.

1   Plaintiff has no evidence with respect to whether Defendant will expand his
2   product line.

3                           (viii)  Conclusion

4        Taking all the allegations of the Complaint as true, Plaintiff has adequately
5   pled and demonstrated that it's BEACHBODY® and P90X® marks would likely
6   be confused with Defendant's use thereof on counterfeit versions of Plaintiff's
7   P90X® fitness DVDs.

8           **2.     Copyright Infringement Claim**

9        To prove a claim of copyright infringement, a plaintiff must show:
10  ownership of a valid copyright, and copying of constituent elements of the work
11  that are original. *See* Feist Pubs., Inc. v. Rural Telephone Service Co., Inc., 499
12  *U.S.* 340, 361 (1991).  In its Complaint, Plaintiff alleges all facts necessary to
13  prove copyright infringement by Defendant.

14               **(a)     Plaintiff's ownership of valid copyrights**

15       First, Plaintiff adequately alleges its ownership of four (4) copyrights at
16  issue. *See* Compl. at ¶17, and Ex. "I" - "L," thereto.  A federal registration of a
17  copyright constitutes prima facie evidence of its validity and of plaintiff's
18  exclusive rights to the copyright. *See* Feist Pubs., Inc., 499 *U.S.* at 361.

19               **(b)     Defendant's copying of original elements of Plaintiff's**
20                            **works**

21       Second, Plaintiff adequately alleges infringement of these copyrighted works
22  by Defendant who, without authorization or consent, distributed counterfeit
23  P90X® fitness DVDs by means of the Internet auction site known as eBay.com,
24  under seller ID "forensic_cop." *See* Compl. at ¶¶19 – 25, and Ex. "M," thereto;
25  *see also* Chaney Decl. at ¶8, and Ex. "G," thereto.

26          **3.     Trademark Dilution Claim**

27       In order to prove federal trademark dilution, a plaintiff must show that: the
28  mark at issue is famous, the defendant is making a commercial use of the mark in

1  commerce, the defendant's use began after the mark became famous, and the
2  defendant's use of the mark dilutes the quality of the mark by diminishing the
3  capacity of the mark to identify and distinguish goods and services. *See* Panavision,
4  Int'l v. Torppen, 141 F.3d 1316, 1324 (9th Cir.1998).

5       In deciding whether a mark is famous, the courts will look to the following
6  factors:  the degree of inherent or acquired distinctiveness; the duration and extent
7  of use; the amount of advertising and publicity; the geographic extent of the market;
8  the channels of trade; the degree of recognition in trading areas; any use of similar
9  marks by third parties; and whether the mark is registered. 15 *U.S.C.* § 1125(c);
10 *see also* Mead Data Central, Inc. v. Toyota Motor Sales, U.S.A., Inc., 875 F.2d
11 1026 (2nd Cir.1989).  Once the prerequisites for a dilution claims are satisfied, the
12 owner of a mark can bring an action against any use of that mark that dilutes the
13 distinctive quality of that mark, either through "blurring" or "tarnishment."
14 Tarnishment occurs when the mark is cast in an unflattering light, typically through
15 its association with inferior or unseemly products or services. *See* Toys "R" Us v.
16 Akkaoui, 40 U.S.P.Q.2d (BNA) 1836 (N.D. Cal. 1996).

17                    **(a)    Plaintiff's ownership of famous marks**

18      Plaintiff's BEACHBODY® and P90X® products, and specifically the
19 P90X® Extreme Home Fitness kit and DVDs therein, have become increasingly
20 popular and famous over the past several years, particularly in light of the
21 company's advertising as well as consumer word of mouth referrals given the
22 effectiveness of the products. Plaintiff has spent substantial time, money, and
23 effort in developing consumer recognition and awareness of its P90X® and
24 BEACHBODY® marks. *See* Compl. at ¶¶10-12.  For example, Plaintiff has spent
25 close to one hundred million dollars ($100,000,000.00) to air its television
26 infomercials in 2009 alone. On each P90X Extreme Home Fitness kit, in each
27 infomercial, and in each piece of marketing material for P90X products, both the
28 P90X® and BEACHBODY® marks are displayed. *See* Compl. at ¶10.

1
2

**(b)    Defendant's commercial use of Plaintiff's famous marks**

3       On December 15, 2009, Plaintiff purchased counterfeit "P90X Home Fitness
4   Program 12 DVDs and a bonus DVD" from Defendant from the Internet auction
5   website known as eBay.com, under seller ID "forensic_cop," for a cost of $47.99
6   charged to the PayPal electronic payment account of Plaintiff's investigator. *See*
7   Compl. at ¶21, and Ex. "M," thereto; *see also* Chaney Decl. at ¶3, and Ex. "A" –
8   "B," thereto. The product purchased from Defendant was inspected to determine
9   authenticity. The inspection of the purchased item confirmed that the item
10  Defendant sold to the investigator were in fact counterfeit and unauthorized P90X
11  fitness DVDs. *See* Compl. at ¶22; *see also* Chaney Decl. at ¶4, and Ex. "C" – "D,"
12  thereto.

13
14

**(c)    Defendant's use began after Plaintiff's marks were famous**

15      Plaintiff uses its BEACHBODY® and P90X® trademarks on and in
16  connection with its P90X® Extreme Home Fitness kit, among other products and
17  services, and has been using its P90X® trademark since at least as early as mid-
18  2003, and its BEACHBODY® trademark since at least as early as 1999.

19      Defendant sold at least 129 counterfeit versions of Plaintiff's P90X fitness
20  DVD sets between November 12, 2009 to January 6, 2010 on eBay.com, under
21  seller ID "forensic_cop." *See* Chaney Decl. at ¶8, and Ex. "G," thereto.

22
23

**(d)    Defendant's use tarnishes the quality of Plaintiff's marks**

24      Defendant has tarnished Plaintiff's BEACHBODY® and P90X® trademarks
25  by selling inferior quality counterfeit fitness merchandise bearing Plaintiff's
26  famous marks. Tarnishment occurs when the mark is cast in an unflattering light,
27  typically through its association with inferior or unseemly products or services.
28  *See* <u>Toys "R" Us v. Akkaoui</u>, 40 U.S.P.Q.2d (BNA) 1836 (N.D. Cal. 1996).

1  Defendant has cast Plaintiff's marks in an unflattering light by offering for sale,
2  selling, and distributing counterfeit versions of Plaintiff's P90X® fitness DVDs.

3  **D.   Sum of Money at Stake**

4  The prevailing party in an action for willful trademark infringement, willful
5  copyright infringement, and willful trademark dilution is entitled to, *inter alia*,
6  statutory damages, reasonable attorney's fees, recovery of costs, and appropriate
7  injunctive relief.  Plaintiff has alleged in its Complaint that Defendant engaged in
8  intentional, knowing, and willful acts of infringement of Plaintiff's
9  BEACHBODY® and P90X® trademarks and copyrights, and intentionally and
10 knowingly diluted said trademarks.  Defendant has failed to respond to these
11 serious allegations despite notice thereof.  In addition, Plaintiff has submitted
12 evidence to show that Defendant was on notice that he was engaging in infringing
13 activity, or that he should have known that he was engaged in infringing conduct.

14 The Court should therefore find that pursuant to the relevant sections of the
15 *Trademark Act*, *Copyright Act*, and the *Lanham Act*, and the facts established by
16 Plaintiff for purposes of this motion, an enhancement of electable statutory
17 damages is warranted, in addition to attorneys' fees and costs, thereby putting a
18 total of no less than $2,150,000.00 of statutory damages at stake.

19           **1.   Statutory Damages for Trademark Infringement and**
20                **Trademark Dilution**

21 The *Trademark Act* provides that in a case involving the use of a
22 counterfeit mark in connection with the sale, offering for sale, or distribution of
23 goods and services, or any willful violation under section 43(c) of the *Lanham Act*
24 (15 *U.S.C.* 1125(c)), the plaintiff may elect to recover statutory damages in the
25 amount of not less than $1,000.00 or more than $200,000.00 per counterfeit mark
26 per type of goods sold, offered for sale, or distributed. 15 *U.S.C.* § 1117(c)(1).
27 Plaintiff seeks maximum statutory damages of $200,000.00 for each of
28 Defendant's use of Plaintiff's trademarks.  In addition, if the Court finds that the

1  use of the counterfeit mark was willful, the plaintiff may be granted an award of
2  statutory damages of not more than $2,000,000.00 per counterfeit mark per type of
3  goods sold, offered for sale, or distributed. 15 *U.S.C.* § 1117(c)(2).  Plaintiff has
4  alleged that Defendant's use was willful, an allegation that Defendant has failed to
5  respond to, and Plaintiff has provided evidence to show that Defendant knew, or
6  should have known, that the goods he was selling were, in fact, counterfeit.  As
7  such, Plaintiff seeks an statutory damage enhancements for trademark infringement
8  and dilution to $2,000,000.00 pursuant to 15 *U.S.C.* § 1117(c)(2).

9  ## 2.  Statutory Damages for Copyright Infringement

10  Similarly, the *Copyright Act* provides that the statutory range for each
11  copyright infringement is between $750.00 and $30,000.00 for all infringements
12  involved in the action.  Specifically, Plaintiff is entitled to a default judgment
13  against Defendant for the maximum statutory amount of no less than $30,000.00,
14  as provided for under 17 *U.S.C.* § 504(c)(1).  In addition to seeking ordinary
15  statutory damages, Plaintiff seeks the maximum statutory enhancement for willful
16  infringement, and seeks a total of $150,000.00 pursuant to 17 *U.S.C.* § 504(c)(2).
17  17 *U.S.C.* § 504(c)(2) provides that:  "[in] a case where the copyright owner
18  sustains the burden of proving, and the court finds, that infringement was
19  committed willfully, the court in its discretion may increase the award of statutory
20  damages to a sum of not more than $150,000.00."  Due to Defendant's willful and
21  deliberate violation of Plaintiff's copyright rights, this Court should increase the
22  award of statutory damages to a sum not less than $150,000.00 for all copyright
23  infringements in this action.

24  ## E.  No Possibility of Dispute Concerning Material Facts

25  There is no information before the Court concerning a possible dispute of
26  material facts because Defendant has not appeared in this action.

27  / / /

28  / / /

1

### F.   Default Not Due to Excusable Neglect

2   Defendant's default in this matter was not due to excusable neglect.
3 Plaintiff's Complaint was filed on July 1, 2010, and Defendant was served with a
4 copy of the Summons and Complaint on July 29, 2010 at his place of residence.
5 *See* Chaney Decl. at ¶2.

6

### G.   Policy Favoring Decisions on the Merits Does Not Outweigh
7   ### Plaintiff's Right to Relief

8   Any policy in favor of deciding cases on the merits does not outweigh
9 Plaintiff's rights to relief in this matter.  Defendant had every opportunity to
10 defend himself in this action, or otherwise responded to Plaintiff's Complaint,
11 despite notice thereof.  Favoring this policy of deciding cases on the merits in the
12 case before this Court would effectively condone and reward a Defendant who
13 refuses to appear in order to decide the case on the merits.

14

### IV.   COSTS INCURRED

15   Pursuant to 15 *U.S.C.* §1117(a), Plaintiff is entitled to judgment against said
16 Defendant for recovery of total costs Plaintiff has incurred in this action due to
17 Defendant's violation of 15 *U.S.C.* §1125(a), and willful violation of 15 *U.S.C.*
18 §1125(c) in the amount of $747.15.  *See* Chaney Decl., at ¶13.

19

### V.   ATTORNEYS' FEES

20   Under Local Rule 55-3, attorneys' fees shall be calculated according to a fee
21 schedule based upon the amount of the default judgment absent costs.  Pursuant to
22 the Local Rules, Plaintiff is entitled to $5,600.00 in attorney's fees which Plaintiff
23 is seeking.

24   Pursuant to 15 *U.S.C.* §1117(a), Plaintiff is entitled to judgment against
25 Defendant for reasonable attorneys' fees incurred by Plaintiff in the prosecution of
26 this action, due to the exceptional circumstances surrounding Defendant's willful
27 violation of 15 *U.S.C.* §1125(c).  Pursuant to 15 *U.S.C.* §1117(b), Plaintiff is also
28 entitled to judgment against Defendant for reasonable attorneys' fees due to

1   Defendant's presumptively willful violation of 15 *U.S.C.* §1114(1)(a) (as provided

2   for under 15 *U.S.C.* §1117(e)).  Plaintiff seeks attorneys' fees in the prosecution of

3   this action in the amount of $5,600.00 pursuant to the fee schedule established by

4   Local Rule 55-3. *See* Chaney Decl., at ¶14.

5   ## VI.   INJUNCTIVE RELIEF

6          Plaintiff seeks an injunction covering three items listed below as they relate

7   to prevention of future infringing activity.  Plaintiff is entitled to a permanent

8   injunction against Defendant and all of his agents, officers, employees,

9   representatives, successors, assigns, attorneys, and all other persons acting for,

10  with, by, through, or under authority from Defendant, or in concert or participation

11  with Defendant:   (1) enjoining and permanently restraining Defendant from

12  manufacturing, advertising, distributing, offering for sale, selling, whether directly

13  or indirectly, counterfeit P90X® Extreme Home Fitness kits and any other

14  BEACHBODY® fitness DVDs of any kind bearing Plaintiff's marks or names that

15  are confusingly similar to the trademarks, trade names, designs or logos of Plaintiff;

16  (b)  enjoining and permanently restraining Defendant from using Plaintiff's marks

17  or any copy, reproduction, or colorable imitation, or confusingly similar simulation

18  of Plaintiff's marks on or in connection with the promotion, advertising,

19  distribution, manufacture or sale of Defendant's goods; and  (c)    ordering

20  Defendant to cancel, withdraw and recall all his promotions, advertisements and

21  merchandise bearing Plaintiff's marks or any confusingly similar simulation to

22  Plaintiff's marks, which have been published, placed or shipped by Defendant or

23  under Defendant's authority, to any person, entity, or customer, including, without

24  limitation, any publisher, agency, wholesaler, distributor, retailer, consignor or

25  marketer, and also deliver to each publisher or customer a copy of this Court's

26  order as it relates to said injunctive relief against Defendant.

27  / / /

28  / / /

# VII.  CONCLUSION

For the foregoing reasons and in the manner set forth above, the Court should grant Plaintiff's Motion for Entry of Default Judgment by Court against Defendant for damages totaling no less than $2,150,000.00, along with the requested injunctive relief.

DATED:  October 1, 2010                          JOHNSON & PHAM, LLP


                                                 By: _____
                                                 Christopher D. Johnson, Esq.
                                                 Christopher Q. Pham, Esq.
                                                 Marcus F. Chaney, Esq.
                                                 Attorneys for Plaintiff
                                                 PRODUCT PARTNERS, LLC

**DECLARATION OF MARCUS F. CHANEY**

I, MARCUS F. CHANEY, declare as follows:

1.    I am an attorney at law licensed to practice in the State of California and am an associate with the law firm of Johnson & Pham, LLP, counsel of record for Plaintiff PRODUCT PARTNERS, LLC ("Plaintiff"). The following is within my personal knowledge and if called upon as a witness, I could and would competently testify thereto.

2.    Upon investigation into this matter, I have determined that Defendant WAYNE BATCHELOR ("Defendant") resides at 465 Maplegrove Avenue, Uniondale, New York 11553.

3.    On December 15, 2009, Plaintiff purchased a counterfeit "P90X Home Fitness Program 12 DVDs and a bonus DVD" from Defendant from the Internet auction website known as eBay.com ("eBay"), seller ID "forensic_cop," for a cost of $47.99 charged to the PayPal electronic payment account of Plaintiff's investigator. A true and correct copy of the eBay order details relating to Defendant's sale is attached hereto as Exhibit "A." In addition, a true and correct copy of the PayPal purchase receipt evidencing Defendant's sale and showing Defendant's e-mail address – waynesworld627@aol.com – and eBay seller ID as "forensic_cop" is attached hereto as Exhibit "B." *See also* Compl., and Ex. "M," thereto.

4.    The product purchased from Defendant was inspected to determine authenticity. The inspection of the purchased item confirmed that the item Defendant sold to the investigator were in fact a counterfeit and unauthorized P90X fitness DVDs. Photographs of an authentic P90X® Extreme Home Fitness kit offered by Plaintiff to consumers in the United States, along with the relevant P90X fitness DVDs therein, are attached hereto and collectively marked as Exhibit "C." Photographs of the package received from Defendant containing a DVD case with thirteen (13) counterfeit P90X fitness DVDs enclosed, and a photograph

of the counterfeit P90X fitness DVDs therein which were purchased from Defendant are attached hereto and collectively marked as Exhibit "D."

5.    An authentic P90X® Extreme Home Fitness kit, which, amongst other materials, contains thirteen (13) P90X® fitness DVDs, can be purchased from Plaintiff for a cost of approximately $119.85.

6.    On December 28, 2009, I sent an e-mail to Defendant with a cease and desist attached. Defendant's e-mail address – waynesworld627@aol.com – is identified on Exhibit "B," hereto. True and correct copies of the e-mail and attached cease and desist letter sent to Defendant are attached hereto as Exhibit "E."

7.    On February 11, 2010, our office sent a second cease and desist letter to Defendant via certified U.S. Mail. A true and correct copy of the letter sent to Defendant is attached hereto as Exhibit "F."

8.    Defendant provided me with PayPal records evidencing his sale of 129 counterfeit P90X fitness DVD sets (or, 1,677 individual counterfeit P90X DVDs) between November 12, 2009 and January 6, 2010. True and correct copies of the PayPal records provided by Defendant evidencing his 129 sales are attached hereto as Exhibit "G."

9.    Plaintiff filed its Complaint against Defendant on July 1, 2010, and Defendant was served with a copy of the Summons and Complaint on July 29, 2010 at 465 Maplegrove Avenue, Uniondale, New York 11553.

10.    Plaintiff's request for entry of default was filed on August 23, 2010. The Clerk entered default against Defendant on August 24, 2010, for Defendant's failure to respond to Plaintiff's Complaint or to otherwise appear in this matter.

11.    Defendant is not an infant or an incompetent or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

12.    Notice of this application for default judgment by the Court was served on Defendant on October 1, 2010, by United States Postal Mail as required

1 | by Local Rule 14.12.1.

2 |     13.   Plaintiff's total costs including but not limited to filing of the
3 | Complaint, service of the Summons and Complaint, and copying charges total
4 | approximately $747.15.

5 |     14.   Plaintiff seeks attorneys' fees in the prosecution of this action in the
6 | amount of $5,600.00 pursuant to the fee schedule established by Local Rule 55-3.

7 |     I declare under penalty of perjury under the laws of the State of California
8 | that the foregoing is true and correct. Executed this 1st day of October, 2010, at
9 | Woodland Hills, California.

Marcus F. Chaney, Esq.

**MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT**

# EXHIBIT A



P90X Home Fitness Program, 12 DVDs and a bonus DVD

Seller info
forensic_cop ( 1256 ⭐ )
100% Positive feedback

**Item:** P90X Home Fitness Program, 12 DVDs and a bonus DVD

P90X Home Fitness Program, 12 DVDs and a bonus DVD

Item condition: —
Ended: Dec 15, 2009 16:52:18 PST
Sold For: **US $47.99**

Shipping: FREE shipping US Postal Service Media Mail | See all details
Returns: No Returns Accepted
Coverage: Pay with *PayPal* and your full purchase price is covered | See terms

Other item info
Item number: 120507013308
Item location: EBAYING IS BETTER THAN SEX, United States
Ships to: United States
Payments: PayPal See details

**Description** | Shipping and payments



P90X Home Fitness Program. 12 DVDs and a bonus introduction DVD only. There are <u>no</u> guides or booklets. DVD's are:

- How to Bring it (Includes two Bonus workouts)
- Chest & Back
- Plyometrics
- Shoulders & Arms
- Yoga X
- Legs & Back
- Kenop X
- Stretch X
- Core Synergistics
- Chest, Shoulders & Triceps
- Back & Biceps
- Cardio X
- Ab Ripper X

PayPal and U.S. shipments on

Seller assumes all responsibility for this listing.
Back to My eBay | Sell one like this

eBay Pulse | eBay Reviews | eBay Stores : Austria | France | Germany | Italy | Spain | United Kingdom | Popular Searches | New Pulse
Half.com | Tickets | Kijiji | PayPal | ProStores | Apartments for Rent | Shopping.com | Skype

About eBay | Announcements | Security Center | Resolution Center | eBay Toolbar | Policies | Government Relations | Site Map | Help

Copyright © 1995-2009 eBay Inc. All Rights Reserved. Designated trademarks and brands are the property of their respective owners. Use of this Web site constitutes acceptance of the eBay User Agreement and Privacy Policy.

# EXHIBIT B



Log Out | Help | Security Center          [          ] Search

My Account | Send Money | Request Money | Merchant Services | Products & Services | Shopping

## Transaction Details

eBay Payment Sent (Unique Transaction ID #9K162794UY459273V)

Total Amount: -$47.99 USD
Fee amount: $0.00 USD
Net amount: -$47.99 USD
Date: Dec 15, 2009
Time: 16:52:16 PST
Status: Completed

| Item # | Item Title | Qty | Price | Subtotal |
|--------|-----------|-----|-------|----------|
| 120507013308 | P90X Home Fitness Program  12 DVDs and a bonus DVD | 1 | $47.99 USD | $47.99 USD |

| | |
|---|---|
| Shipping & Handling via USPS Media Mail (includes any seller handling fees): | -- |
| Shipping Insurance : | -- |
| Total: | $47.99 USD |

Shipping Address: chris johnson
6355 Topanga Canyon Blvd
Ste 115
Woodland Hills, CA 91367
United States
Confirmed ?

Payment To: Wayne Batchelor   (The recipient of this payment is Verified)
Seller's ID: forensic_cop
Seller's Email: waynesworld527@aol.com

Funding Type: Instant Transfer
Funding Source: $47.99 USD - wamu Checking (Confirmed) x-2463
Back Up Funding Source: MasterCard Card XXXX-XXXX-XXXX-2017

### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 15, 2009 | Payment To Wayne Batchelor | Completed | -- | -$47.99 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Dec 15, 2009 | Add Funds from a Bank Account | Completed | Details | $47.99 USD |

Need help? If you have problems with a transaction or would like assistance settling a dispute with your seller, visit the Resolution Center. PayPal strongly recommends attempting to resolve this issue directly with your merchant or seller whenever possible.

Description: Wayne Batchelor

[ Return to Log ]

Copyright © 1999-2009 PayPal. All rights reserved.
Information about FDIC pass-through insurance

**EXHIBIT C**





**EXHIBIT D**







**EXHIBIT E**

## Marcus Chaney

| | |
|---|---|
| **From:** | Marcus Chaney |
| **Sent:** | Monday, December 28, 2009 5:43 PM |
| **To:** | 'waynesworld627@aol.com' |
| **Subject:** | Pending Trademark and Copyright Infringement Lawsuit: P90X - Product Partners, LLC v. Wayne Batchelor, et al. |
| **Attachments:** | PPv.BatchelorDemandLtr.pdf; PPv.BatchelorComplaint.pdf |
| **Importance:** | High |

Dear Mr. Batchelor:

Attached you will find a demand letter and draft complaint which relate to your intentional trademark and copyright infringement of P90X® fitness products. Please read these documents thoroughly, as they specifically address a federal lawsuit that will be filed against you in Los Angeles, California, on or about January 7, 2010.

Product Partners, LLC is aggressively combating rampant piracy of its P90X® fitness products. The following is a link to our client's video press release in relation to its piracy enforcement measures:
http://link.brightcove.com/services/player/bcpid15254013001?bctid=41933650001.

You are hereby put ON NOTICE and should immediately CEASE AND DESIST from the sale of COUNTERFEIT P90X® fitness products.

Please retain legal counsel and have them contact our firm as soon as possible.

Marcus F. Chaney, Esq.
**Johnson & Pham, LLP**
6355 Topanga Canyon Blvd., Ste. 115
Woodland Hills, CA 91367
Tel: 818-888-7540
Fax: 818-888-7544

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This message and attachments are intended only for the addressee(s) and may contain information that is privileged and confidential. If the reader of the message is not the intended recipient or an authorized representative of the intended recipient, I did not intend to waive and does not waive any privileges or the confidentiality of the messages and attachments, and you are hereby notified that any dissemination of this communication is strictly prohibited. If you receive this communication in error, please notify me immediately by e-mail at mchaney@johnsonpham.com or by telephone at (818) 888-7540 and delete the message and attachments from your computer and network. Thank you for your professional courtesy and cooperation.

# JOHNSON & PHAM, LLP

6355 TOPANGA CANYON BOULEVARD, SUITE 115
WOODLAND HILLS, CALIFORNIA 91367
PHONE: 818.888.7540 • FACSIMILE: 818.888.7544

4750 CAMPUS DRIVE, SUITE 16
NEWPORT BEACH, CALIFORNIA 92660
PHONE: 949.252.2150 • FACSIMILE: 949.252.2151

December 28, 2009

*Via E-mail (waynesworld627@aol.com)*
Wayne A. Batchelor
465 Maplegrove Ave.
Uniondale, NY 11533

Re:     *Product Partners, LLC v. Wayne A. Batchelor, et al.*

Dear Mr. Batchelor:

This firm represents Product Partners, LLC, the owner of P90X products and the various trademarks and copyrights associated therewith. Enclosed with this letter is a draft COMPLAINT, seeking Money Damages and Declaratory Relief based upon your violation of the following statutes:

**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act § 43(a)];**
**(2) FEDERAL COPYRIGHT INFRINGEMENT [17 *U.S.C.* §501(a)];**
**(3) FALSE DESIGNATION OF ORIGIN [15 *U.S.C.* §1125(a)];**
**(4) TRADEMARK DILUTION [15 *U.S.C.* §1125(c)];**
**(5) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200].**

This impending federal lawsuit, which will be filed in the United States District Court, Central District of California, located at 312 North Spring Street, Los Angeles, CA, is based upon your sale on December 15, 2009, of one or more COUNTERFEIT P90X products which INFRINGE the intellectual property rights of Product Partners, LLC, as detailed in the attached COMPLAINT. This illegal transaction occurred when you sold the infringing P90X products to an undercover operative of Effective Piracy Enforcement, an intellectual property enforcement firm employed by Product Partners, LLC.

This law firm has successfully represented Product Partners, LLC, on similar matters in the past and has the authority of Product Partners, LLC, to engage in settlement negotiations prior to filing the COMPLAINT. If such settlement negotiations fail, we have been authorized by Product Partners, LLC, to proceed with the lawsuit against you and any other persons or entities which facilitated the infringement.

Wayne A. Batchelor
*Product Partners, LLC v. Wayne A. Batchelor, et al.*
December 28, 2009
Page 2

As the victim of extensive piracy and counterfeiting of its P90X products, Product Partners, LLC, has, and will continue, to expend substantial monies in the enforcement of its intellectual property rights. The company intends to be firm, yet fair, in the method and manner in which it pursues claims against those individuals and businesses that violate the law and engage in commercial transactions in counterfeit goods that dilute and diminish the valuable rights owned by the company.

We have been authorized to tender the following demand to you on behalf of Product Partners, LLC, based upon your intentional infringement of its intellectual property rights:

1) You must provide a full and complete accounting of how you acquired the counterfeit and infringing P90X products. This accounting must set forth the number of P90X products you acquired; the name, address, and contact information of the person or entity from which you acquired the illegal goods; and the price you paid. You must present detailed documents and records which verify your representations and the documents may not be altered or redacted in any way.

2) You must provide a full and complete accounting of your prior disposition of any and all of the counterfeit and infringing P90X products you acquired in the past. This accounting must set forth the number of P90X products you sold; the name, address, and contact information of the person or entity to which you distributed the illegal goods; and the price and manner in which you were paid. You must present detailed documents and records which verify these representations and the documents may not be altered or redacted in any way.

3) You must agree, in a format and manner which we determine, to warrant and represent that you will not, at any point in the future, engage in any transactions with merchandise that bears or purports to bear any of the intellectual property or marks owned by Product Partners, LLC, including but not limited to P90X products.

4) You must transport to this firm any and all counterfeit Product Partners, LLC products that you currently possess.

5) You must pay, by certified check made payable to Product Partners, LLC, the sum of Ten Thousand Dollars ($10,000.00) to compensate the company for its costs (investigative and legal), as well as the damages sustained by the company as a result of your willful infringement of its intellectual property rights.

This Demand and Offer of Settlement and Compromise will automatically expire ten (10) days from the date of this letter. You are strongly urged to consult an attorney to determine your legal obligations and provide guidance about how to proceed. The filing of a lawsuit against you can have a variety of adverse consequences.

This law firm has extensive experience in the enforcement of intellectual property rights. Please do not contact this firm with any excuse or attempted justification for your trafficking in counterfeit goods. Please provide these excuses to your legal counsel, who can then explain to

Wayne A. Batchelor
*Product Partners, LLC v. Wayne A. Batchelor, et al.*
December 28, 2009
Page 3

you the law with respect to copyright and trademark infringement, including the fact that even innocent infringement, which is not the case in the instant situation, is nevertheless subject to the payment of damages to the holder of the intellectual property rights. In short, we have heard all the excuses before, and do not have the time or inclination to hear them again.

The settlement demand listed above is based upon our current evaluation of the case. Please be advised that, with each passing hour, the investigative and legal fees associated with this case increase, and the amount of damages sought in the lawsuit will increase as well. Accordingly, please consult legal counsel as soon as possible, provide them with a copy of this correspondence and the accompanying COMPLAINT, and ask that they contact this firm without delay.

Should you desire to forego the expense associated with consulting an attorney, you may mail, by certified mail, the information, documents and certified check listed in paragraphs 1 – 5, inclusive, and we will return to you an executed settlement agreement.

Sincerely,

**JOHNSON & PHAM, LLP**

Marcus F. Chaney, Esq.
Attorney for Plaintiff
PRODUCT PARTNERS, LLC

Enclosure

**EXHIBIT F**



*Johnson* *Pham*
JOHNSON & PHAM, LLP

January 28, 2010

**_Via Certified U.S. Mail_**
Wayne A. Batchelor
465 Maplegrove Ave.
Uniondale, NY 11553

     Re:    **_Product Partners, LLC v. Wayne A. Batchelor, et al._**

Dear Mr. Batchelor:

     As you are aware, thi
of exclusive distribution righ
P90X® fitness videos and pr

     I am writing in a fin
engaging in the illegal cop
branded fitness products. Yo
violates various federal and s
U.S.C. §§1114 and 1125), an
letter and draft COMPLAINT
December 28, 2009 demand l
we have not received a respor

     With the foregoing in
our office within seven (7)
COMPLAINT against you.
unreasonable, but once a laws
provided by the law.

Yours truly,

JOHNSON & PHAM, LLP

Marcus F. Chaney, Esq.
Attorneys for Plaintiff
PRODUCT PARTNERS, LLC

Enclosures

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

    Wayne A. Batchelor
    465 Maplegrove Ave.
    Uniondale, NY 11553

2. Article Number
  (Transfer from service label)    7009 2820 0001 8799 6097

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-154

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ □ Agent
                 □ Addressee
B. Received by (Printed Name)  C. Date of Delivery
  WAYNE A BATCHELOR
D. Is delivery address different from item 1? □ Yes
   If YES, enter delivery address below: □ No

3. Service Type
  ☒ Certified Mail    □ Express Mail
  □ Registered      ☒ Return Receipt for Merchandise
  □ Insured Mail    □ C.O.D.
4. Restricted Delivery? (Extra Fee)    □ Yes

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage  $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)        Postmark
                    Here

Total Postage & Fees  $

Sent To  Wayne A. Batchelor
Street, Apt. No.;
or PO Box No.  465 Maplegrove Ave.
City, State, ZIP+4  Uniondale, NY 11553

7009 2820 0001 8799 6097

---

6355 TOPANGA CANYON BOULEVARD, SUITE 115, WOOL

**EXHIBIT G**

Buy now, pay later. Choose Bill Me Later when you checkout with PayPal.          Learn More »

**Payments received - Nov 19, 2008 to Feb 9, 2010**

| Date | Type | Name/Email | Payment status | Order status/Actions | Gross | Fee | Net amount |
|------|------|-----------|----------------|---------------------|-------|-----|-----------|
| Jan 6, 2010 | Payment From | Gregory Henderson | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Jan 4, 2010 | Payment From | Jeremy Robinson | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Jan 4, 2010 | Payment From | Daniel Kolakowski | Completed | | $52.70 | -$1.83 | $50.87 USD |
| Jan 4, 2010 | Payment From | ryan lutz | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Jan 4, 2010 | Payment From | Tavis Hanley | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Jan 4, 2010 | Payment From | Steven Marusich | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Jan 3, 2010 | Payment From | Daniel Partyka | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Jan 3, 2010 | Payment From | James Johnson | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 31, 2009 | Payment From | Edward Shelton | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 31, 2009 | Payment From | Matthew Metzger | Refunded | | $48.68 | -$1.71 | $46.97 USD |
| Dec 31, 2009 | Payment From | Cynthia Winkley | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 31, 2009 | Payment From | Matthew Lausin | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 31, 2009 | Payment From | William Webb | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | Neil May | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | elizabeth del rio | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | DML & Associates | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | Alex Miller | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | janette rupple | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | Eric Tetzlaff | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | Paul Newman | Completed | | $48.68 | -$1.71 | $46.97 USD |

**Payments received - Nov 19, 2008 to Feb 9, 2010**

| Date | Type | Name/Email | Payment status | Order status/Actions | Gross | Fee | Net amount |
|---|---|---|---|---|---|---|---|
| Dec 30, 2009 | Payment From | Tim French | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | MICHELLE GORDON | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 30, 2009 | Payment From | jennifer benward | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 29, 2009 | Payment From | Edward Murray | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 29, 2009 | Payment From | Holly McGrath | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 29, 2009 | Payment From | Spyros Loukas | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 28, 2009 | Payment From | Linda Wallace | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 28, 2009 | Payment From | Tamara Birch | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 28, 2009 | Payment From | SHAWN BROCATO | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 28, 2009 | Payment From | Chris Henry | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 28, 2009 | Payment From | John Abernathy | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 28, 2009 | Payment From | Michael McCloy | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 28, 2009 | Payment From | Susan Ellison | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 27, 2009 | Payment From | Jordan Arndt | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 27, 2009 | Payment From | Jeffrey Olsufka | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 26, 2009 | Payment From | Kristin N Stupiansky | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 26, 2009 | Payment From | Darin Neb | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 26, 2009 | Payment From | Sandra Cardenas | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 26, 2009 | Payment From | Caston Thomas | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 25, 2009 | Payment From | Matthew Bigam | Completed | | $48.68 | -$1.71 | $46.97 USD |

**Payments received - Nov 19, 2008 to Feb 9, 2010**

| Date | Type | Name/Email | Payment status | Order status/Actions | Gross | Fee | Net amount |
|------|------|-----------|----------------|----------------------|-------|-----|------------|
| Dec 25, 2009 | Payment From | Patrick Corlett | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 25, 2009 | Payment From | Cortney Cutcher | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 24, 2009 | Payment From | Mark Henderson | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 23, 2009 | Payment From | Jennifer Hargis | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 22, 2009 | Payment From | Michael Griffin | Completed | | $49.68 | -$1.74 | $47.94 USD |
| Dec 22, 2009 | Payment From | Amanda Miller | Completed | | $49.68 | -$1.74 | $47.94 USD |
| Dec 22, 2009 | Payment From | Chris Marcenelle | Completed | | $49.68 | -$1.74 | $47.94 USD |
| Dec 22, 2009 | Payment From | Richard Wamhoff | Completed | | $49.68 | -$1.74 | $47.94 USD |
| Dec 22, 2009 | Payment From | Aaron Lee | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | curtis ruise | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | tedmund munoz | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | Tyler NObles | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | Troy Layton | Refunded | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | David Kim | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | Lisa Bradley | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | Joshua Flynn | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | Ryan Walsh | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | Katina Kelley | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 21, 2009 | Payment From | James Alford | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Dec 20, 2009 | Payment From | clay cunha | Completed | | $46.99 | -$1.66 | $45.33 USD |

History - PayPal

**Payments received - Nov 19, 2008 to Feb 9, 2010**

| Date | Type | Name/Email | Payment status | Order status/Actions | Gross | Fee | Net amount |
|------|------|-----------|----------------|---------------------|-------|-----|-----------|
| Dec 18, 2009 | Payment From | Adam Meyer | Completed | | $48.98 | -$1.72 | $47.26 USD |
| Dec 18, 2009 | Payment From | Patrick Higgins | Completed | | $47.98 | -$1.69 | $46.29 USD |
| Dec 18, 2009 | Payment From | Elizabeth Redmond | Completed | | $47.98 | -$1.69 | $46.29 USD |
| Dec 17, 2009 | Payment From | Grace Layden | Completed | | $47.98 | -$1.69 | $46.29 USD |
| Dec 17, 2009 | Payment From | McKenzie Gamez | Completed | | $47.98 | -$1.69 | $46.29 USD |
| Dec 17, 2009 | Payment From | William Skubis | Completed | | $50.86 | -$1.77 | $49.09 USD |
| Dec 17, 2009 | Payment From | Debbie Davis | Completed | | $46.98 | -$1.66 | $45.32 USD |
| Dec 17, 2009 | Payment From | Regina Kepley | Completed | | $46.98 | -$1.66 | $45.32 USD |
| Dec 16, 2009 | Payment From | Alexander McMillan | Completed | | $46.98 | -$1.66 | $45.32 USD |
| Dec 16, 2009 | Payment From | Renate Gase | Completed | | $46.98 | -$1.66 | $45.32 USD |
| Dec 16, 2009 | Payment From | Warrock Retails | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 15, 2009 | Payment From | robert n haseley | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 15, 2009 | Payment From | Eric Pettigrew | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 15, 2009 | Payment From | chris johnson | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 15, 2009 | Payment From | Cheryl L. Apa | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 15, 2009 | Payment From | Gordon Murray | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 15, 2009 | Payment From | Jeremy Boman | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 15, 2009 | Payment From | Mary Skelton | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 15, 2009 | Payment From | Jared Garbett | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 14, 2009 | Payment From | robert caldera | Completed | | $47.99 | -$1.69 | $46.30 USD |

**Payments received - Nov 19, 2008 to Feb 9, 2010**

| Date | Type | Name/Email | Payment status | Order status/Actions | Gross | Fee | Net amount |
|---|---|---|---|---|---|---|---|
| Dec 14, 2009 | Payment From | Amy Greene | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 14, 2009 | Payment From | Jason Ashton | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 14, 2009 | Payment From | Nancy McCrummen | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 13, 2009 | Payment From | Joseph Mandica | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 13, 2009 | Payment From | Febe Delgado | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 12, 2009 | Payment From | Alexandra Liebler | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 11, 2009 | Payment From | Rachel Fabiano | Completed | | $51.95 | -$1.81 | $50.14 USD |
| Dec 11, 2009 | Payment From | david becker | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 10, 2009 | Payment From | Thomas Fullmer | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 10, 2009 | Payment From | Brad Densley | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 10, 2009 | Payment From | Angela Thoele | Completed | | $47.38 | -$1.67 | $45.71 USD |
| Dec 10, 2009 | Payment From | patricia mallo | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 10, 2009 | Payment From | Brian Gioe | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 10, 2009 | Payment From | Brittny King | Refunded | | $47.99 | -$1.69 | $46.30 USD |
| Dec 9, 2009 | Payment From | Karen Parker | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 8, 2009 | Payment From | Scott Miller | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 8, 2009 | Payment From | Liz Edwards | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 8, 2009 | Payment From | Amy Martin | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Dec 8, 2009 | Payment From | Timothy Hinton | Completed | | $47.99 | -$1.69 | $46.30 USD |
| Dec 8, 2009 | Payment From | Lyndsey Hadley | Completed | | $47.99 | -$1.69 | $46.30 USD |

**Payments received - Nov 19, 2008 to Feb 9, 2010**

| Date | Type | Name/Email | Payment status | Order status/Actions | Gross | Fee | Net amount |
|---|---|---|---|---|---|---|---|
| Dec 3, 2009 | Payment From | Emily Rector | Completed | | $47.69 | -$1.68 | $46.01 USD |
| Dec 3, 2009 | Payment From | Donna Biglin | Completed | | $45.69 | -$1.63 | $44.06 USD |
| Dec 3, 2009 | Payment From | Caitlin McKinney | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Dec 3, 2009 | Payment From | Alex Woodward | Completed | | $47.69 | -$1.68 | $46.01 USD |
| Dec 2, 2009 | Payment From | Patricia Bersch | Completed | | $48.68 | -$1.71 | $46.97 USD |
| Dec 2, 2009 | Payment From | Jerry Thompson | Completed | | $47.69 | -$1.68 | $46.01 USD |
| Dec 1, 2009 | Payment From | ANTOINETTE LABRAN | Completed | | $47.38 | -$1.67 | $45.71 USD |
| Nov 30, 2009 | Payment From | ashlee trafford | Completed | | $46.99 | -$1.66 | $45.33 USD |
| Nov 29, 2009 | Payment From | Paul Oerter | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Nov 29, 2009 | Payment From | Robert Stull | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Nov 27, 2009 | Payment From | Tonya Dumas | Completed | | $45.99 | -$1.63 | $44.36 USD |
| Nov 27, 2009 | Payment From | Alicia Stano | Completed | | $47.38 | -$1.67 | $45.71 USD |
| Nov 25, 2009 | Payment From | David Holmes | Completed | | $47.38 | -$1.67 | $45.71 USD |
| Nov 25, 2009 | Payment From | James Smith | Completed | | $47.38 | -$1.67 | $45.71 USD |
| Nov 23, 2009 | Payment From | Ana C Olmedo | Completed | | $47.38 | -$1.67 | $45.71 USD |
| Nov 23, 2009 | Payment From | sam smith | Completed | | $45.99 | -$1.63 | $44.36 USD |
| Nov 23, 2009 | Payment From | Jonathan Bethurem | Completed | | $45.99 | -$1.63 | $44.36 USD |
| Nov 21, 2009 | Payment From | Kristopher Thompson | Completed | | $44.99 | -$1.60 | $43.39 USD |
| Nov 19, 2009 | Payment From | JESSICA WHEELER | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Nov 19, 2009 | Payment From | Shannon Durkee | Completed | | $44.99 | -$1.60 | $43.39 USD |

Payments received - Nov 18, 2008 to Feb 9, 2010

| Date | Type | Name/Email | Payment status | Order status/Actions | Gross | Fee | Net amount |
|------|------|------------|----------------|---------------------|-------|-----|-----------|
| Nov 18, 2009 | Payment From | Erica Johnson | Completed | | $47.69 | -$1.68 | $46.01 USD |
| Nov 17, 2009 | Payment From | Danette Crowell | Completed | | $49.68 | -$1.74 | $47.94 USD |
| Nov 16, 2009 | Payment From | James Hunter | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Nov 16, 2009 | Payment From | Kerry Speelman | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Nov 16, 2009 | Payment From | Joe Hughes | Completed | | $44.99 | -$1.60 | $43.39 USD |
| Nov 15, 2009 | Payment From | James Rader | Completed | | $44.69 | -$1.60 | $43.09 USD |
| Nov 14, 2009 | Payment From | Peter Osterbauer | Completed | | $48.38 | -$1.70 | $46.68 USD |
| Nov 12, 2009 | Payment From | Karen Warner | Completed | | $45.00 | -$1.61 | $43.39 USD |
| Nov 12, 2009 | Payment From | Erica Blanco | Completed | | $48.38 | -$1.70 | $46.68 USD |

1

**PROOF OF SERVICE**

2

3

4

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **JOHNSON & PHAM LLP**, located at 6355 Topanga Canyon Blvd, Suite 115 Woodland Hills, CA 91367. On October 1, 2010 I served the herein described document(s):

5

6

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT; MEMORANDUM OF POINTS AND AUTHORTIES; DECLARATION OF MARCUS F. CHANEY IN SUPPORT THEREOF AND [PROPOSED] JUDGMENT**

7

        by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

9

X       by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

10

11

        CM/ECF - by electronically transmitting the document(s) listed above to

12

        by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

13

14

        by overnight courier of the document(s) listed above to the person(s) at the address(es) set forth below.

15

16

**Brett D. Smith, Esq.**
**27-19 168th Street**

17

**Flushing, NY 11358**

18

19

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

22

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 1, 2010 at Woodland Hills, California.

23

24

                                     Nora Ivy Qunjian

25

26

27

28

-1-